Kinsey C. J.
I think the law as it has been laid down by Mr. Leake is correct. I have but one doubt, which is, that as upon the case it does not appear upon what grounds the court below decided against the appellants, it is not made out to our satisfaction that they acted erroneously; there cer *399 talnly may exist grounds which would justify such an exercise of their authority.
Leake. The Inferior Court are to be presumed in their report to have stated all the facts. The appellants ha ve prima facie a l'ight to the guardianship, and nothing is to be presumed against their claim. If any specifick objection had been made it ought to have been, and would have been stated.
The opinion of the Court was delivered on the following day, after advisement by—
Kinsey C. J.
The law was accurately statedby Mr. Leake. Both before and since the act of assembly the mother in cases of this kind after the death of the father, has been considered as entitled to the guardianship and custody of her children, unless there existed some strong reasons which rendered her appointment improper. The Orphan’s Court must exercise a discretion under the guidance of those principles which, governed in like cases before the act. Before the act the. mother might for good cause be set aside and the guardianship committed to another. It does not appear on this report upon what fact of disqualification they decided against the mother’s application. It appears to have been on the application of twelve relatives in favour of Lippincolt. If the inferior court had assigned a reason which appeared to us insufficient, we should without difficulty reverse their decree.
They have not done this, and we cannot presume in the absence of all proof of the fact that they have acted without adequate reasons, (a) It is incumbent on a party impeaching the decree of a court to show that it proceeded against law and right; this will never be presumed. We are therefore unanimously of opinion that the decree be affirmed.
Decree affirmed.

 Note. Upon the same principle the Court decided in Kidder v. Townsend 3 Johns. 435. that where the evidence given at the trial of a cause before a Justice is set forth in the return to a Certiorari, the Court will decide whether it was sufficient to support the plaintiff’s declaration, and if they consider it insufficient the Judgment below will be reversed;. — but if the evidence is not stated in the return, the Court will presume that it was sufficient to support the declaration,